IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 09-30032 |
| | ) | |
| RICHARD PARRISH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on Defendant Richard Parrish's pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense ("Motion") (d/e 33) and Defendant's Motion for Re-Sentencing Pursuant to Amendments 706 of the Sentencing Guidelines (d/e 36). Because Defendant was sentenced as a career offender, he is not eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2). Therefore, Defendant's Motions are DISMISSED for lack of subject matter jurisdiction.

# FACTS

In August 2009, Defendant pleaded guilty to two counts of distributing a controlled substance containing cocaine base (crack). See 21 U.S.C. § 841(a)(1). There was no plea agreement. See August 31, 2009 Transcript (d/e 23) (wherein defense counsel informs the Court there is no plea agreement).

At the January 2010 sentencing hearing, the Court determined Defendant was a career offender, with a sentencing range of 262 to 327 months' imprisonment. The Court imposed a sentence below the guideline range – 250 months' imprisonment– based on "testimony from [Defendant's] family about his generosity and caring nature." See United States v. Parrish, No. 10-1275, 2011 WL 2036490, at *2 (7th Cir. 2011) (unpublished disposition granting counsel's motion to withdraw and dismissing the appeal); see also Sentencing Transcript (d/e 24) (wherein the judge recognized that defendant had done beneficial things for others and stated "I'm going to take a year off the sentence that would otherwise be given at the bottom of the range"). Defendant

appealed, but appointed counsel argued the appeal was frivolous and sought permission to withdraw, which the Seventh Circuit granted. See Id.

In July 2008, Defendant filed a pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 33). Pursuant to Administrative Order 11-MC-2042, this Court appointed the Federal Defender to represent Defendant on his Motion.

On November 2, 2011, Jonathan E. Hawley, Chief Public Defender, moved to withdraw as counsel for Defendant. See d/e 34. Hawley concluded Defendant was ineligible for a reduced sentence pursuant to the retroactive amendment to the crack cocaine guidelines because Defendant was sentenced as a career offender. On November 3, 2011, this Court granted Hawley leave to withdraw and granted Defendant additional time to supplement his motion or file a new motion for a reduced sentence. On March 6, 2012, Defendant filed a supplement to his motion. See d/e 36.

ANALYSIS

In his Motions, Defendant argues he is entitled to a reduced sentence (1) because the Fair Sentencing Act of 2010 reduced the 100-to-1 ratio for crack cocaine offenses to an 18-to-1 ratio; (2) because the recent amendments to the Sentencing Guidelines lowered the Guideline sentencing range for crack offenses; and (3) pursuant to Freeman v. United States, 131 S. Ct. 2685 (2011), which addressed whether a defendant who entered into a Rule 11(c)(1)(C) plea agreement was eligible for a reduced sentence based on a sentencing range that had been modified retroactively.

"District courts have limited power to revisit sentences once they are imposed." United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003); see also 18 U.S.C. § 3582(c) (providing that a court cannot modify a term of imprisonment once it has been imposed except in certain circumstances provided therein). Section § 3582(c)(2) of the United States Code allows a court to reduce a previously imposed sentence where (1) the defendant was sentenced "to a term of

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If the defendant cannot satisfy the first criterion, the court lacks subject-matter jurisdiction to consider the reduction request. United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

Here, the Court lacks subject-matter jurisdiction to consider Defendant's reduction request because the sentencing range on which his sentence was based–the career offender guideline–was not subsequently lowered by the Sentencing Commission.

The Fair Sentencing Act of 2010, amending 21 U.S.C. § 841(b)(1), reduced the disparity between sentences involving crack and powder cocaine by raising the amounts of crack mandating minimum prison sentences. See Pub. L. No. 111-220, 124 Stat. 2372; see also 21 U.S.C. § 841(b()1); United States v. Vance, 659 F.3d 613, 616 (7th Cir. 2011). However, Defendant is not entitled to a reduced sentence pursuant to the

Fair Sentencing Act because the Act does not apply retroactively. United States v. Bell, 624 F.3d 803, 814 (7th Cir. 2010).

The Act did, however, require that the United States Sentencing Commission amend the Federal sentencing guidelines "'to achieve consistency with other guideline provisions and applicable law.'" United States v. Perez, 2011 WL 2183879, at *1 (N.D. Ind. 2011), quoting Pub. L. No. 111-220 at § 8, 124 Stat. at 2374. The Sentencing Commission amended the sentencing guidelines by reducing the sentencing guideline ranges for certain federal crack cocaine offenders. See Amendment 750. Effective November 1, 2011, the Sentencing Commission made those amended sentencing guidelines apply retroactively. See U.S.S.G. § 1B1.10(a), (c) (providing that a court may reduce the sentence of a defendant serving a sentence of imprisonment where the sentencing guideline range was lowered as a result of Amendment 750). "Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a

reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2)." United States v. Turner, 2011 WL 4704277, at*1 (W.D. Va. 2011).

In this case, however, Defendant's guideline range was based on the career offender guideline (U.S.S.G. § 4B1.1) and not the guideline range for crack cocaine offenses. Because Amendment 750 did not change the career offender guideline, Defendant does not qualify for a sentence reduction under § 3582(c)(2). See Forman, 553 F.3d at 589-90 (holding that a crack cocaine offender sentenced under the career offender guideline was not eligible for a reduced sentence under section 3582(c)(2)).

Defendant cites United States v. McGee, 553 F.3d 225 (2d Cir. 2009) in support of his Motions. In McGee, the Second Circuit held the defendant was eligible for a reduction in his sentence based on the amendment to the crack cocaine Guidelines even though he had been sentenced as a career offender. The Court so held because the district court "explicitly stated that it was departing from the career offender sentencing range 'to the level that the defendant would have been in

absent the career offender status calculation and consideration[.]" McGee, 553 F.3d at 227 (wherein the district court departed under U.S.S.G. § 4A1.3[1] upon finding that the career offender status overstated the defendant's criminal history).

In this case, the Court did not depart pursuant to U.S.S.G. § 4A1.3 or explicitly depart to the guideline range Defendant would have been in absent the career offender status calculation. Moreover, the Seventh Circuit has disagreed with McGee to the extent it "may be read to permit a sentence reduction" in circumstances where the district court departs downward based on assistance to the government. See United States v. Guyton, 636 F.3d 316, 320 (7th Cir. 2011). The Guyton court further held that "a career offender whose imprisonment terms falls below his career offender range only by virtue of a departure under Part 5H or Part 5K cannot receive a reduction under section 3582(c)(2) unless the Sentencing Commission retroactively amends the career offender guideline." Id. at 320. In this case, because Defendant's applicable

---

[1] U.S.S.G. §4A1.3 governs departures based on the inadequacy of the defendant's criminal history category.

guideline range was established on the basis of his career-offender status before he received a downward departure due to testimony from his family about his generosity and caring nature, he is not eligible for a reduced sentence under § 3582(c)(2). See Id.

Finally, Freeman does not support Defendant's request for a reduced sentence. In Freeman, the United States Supreme Court held that defendants who enter into plea agreements under Federal Rule of Criminal Procedure 11(c)(1)(C)[2] may be eligible for relief under § 3582(c)(2) when a sentencing range has been modified retroactively. 131 S. Ct. at 2690 (plurality opinion). While the Sixth Circuit had held that "barring a miscarriage of justice or mutual mistake, defendants who enter into 11(c)(1)(C) agreements cannot benefit from retroactive Guidelines amendments," five members of the Supreme Court rejected this approach. Id. The plurality held that:

> In every case the judge must exercise discretion to
> impose an appropriate sentence. This discretion,
> in turn, is framed by the Guidelines. And the

---

[2] Rule 11(c)(1)(C) pleas makes the parties' recommended sentence binding on the court once the court accepts the plea agreement.

>Guidelines must be consulted, in the regular course, whether the case is one in which the conviction was after a trial or after a plea, including a plea pursuant to an agreement that recommends a particular sentence. The district judge's decision to impose a sentence may therefore be based on the Guidelines even if the defendant agrees to plead guilty under Rule 11(c)(1)(C). Where the decision to impose a sentence is based on a range later subject to retroactive amendment, § 3582(c)(2) permits a sentence reduction.

<u>Id.</u>

Here, however, Defendant did not enter into a plea agreement, let alone a Rule 11(c)(1)(C) agreement. Moreover, this Court is not dismissing the Motions on the basis that Defendant is ineligible because of an 11(c)(1)(C) agreement. Therefore, <u>Freeman</u> does not support Defendant's request or demonstrate that Defendant is eligible for a reduction under §3582(c)(2).

## CONCLUSION

For the reasons stated, Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 33) and Motion for Re-Sentencing Pursuant to Amendments 706 of the

Sentencing Guidelines (d/e 36) are DISMISSED for lack of subject-matter jurisdiction.

ENTERED: March 13, 2012

FOR THE COURT:

            <u>s/ Sue E. Myerscough</u>
            SUE E. MYERSCOUGH
          UNITED STATES DISTRICT JUDGE